1    **WO**                                                                    JDN

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8
     Joel Alan Leno,                    )    No. CV 06-0807-PHX-SMM (JCG)
9                                        )
                Plaintiff,               )
10                                       )    **ORDER**
     vs.                                 )
11                                       )
     Joseph Arpaio, et al.,              )
12                                       )
                Defendants.              )
13   _____ )

14          Plaintiff Joel Alan Leno brought this civil rights action under 42 U.S.C. § 1983

15   against Michael Pezzelle, a City of Mesa Police Officer, for allegedly using excessive force

16   during arrest (Doc. #1).[1]  Defendant moved to dismiss the action for failure to prosecute and

17   in the alternative, for summary judgment (Doc. #16).  Plaintiff did not file a response.  The

18   Court will grant Defendant's motion as to the request for dismissal under Federal Rule of

19   Civil Procedure 41(b) and deny the motion for summary judgment as moot.

20   **I.     Background**

21          Plaintiff's claim arose on January 1, 2006, when the Mesa Police Department and

22   Defendant were effecting an arrest of Plaintiff (Doc. #1 at 5; Doc. #17, Def.'s Statement of

23   Facts ¶ 1).  Plaintiff alleged that he was already subdued and handcuffed when Defendant

24   held Plaintiff's eyelid open and sprayed him directly in the eye (Doc. #1 at 5).  Plaintiff

25   averred that Defendant kicked him, applied heavy force on the back of his kneecap, and held

26   _____

27          [1]Upon screening, the Court dismissed Joseph Arpaio and the City of Mesa Police
     Department as Defendants and Count I (medical care and overcrowding at county jail) for
28   failure to state a claim (Doc. #3).

him down.  Plaintiff claimed that he suffered a right knee injury, which is progressively worse, and a fractured rib.  He also claimed that he continues to see "tracers" in his left eye and lost the ability to focus (id.).

The Court ordered an answer, which was filed on September 29, 2006 (Doc. ##3, 6). The Court's Scheduling Order was filed shortly thereafter and included a directive to the parties to file jointly prepared status reports beginning in December 2006, and then every four months (Doc. #7).  A copy of this Scheduling Order was repeatedly sent to Plaintiff at the county jail and returned each time in the mail with the notation that he was no longer in custody (Doc. ##8-10, 12-13).  Defendant filed the requisite December 2006 status report independently because he had not heard from Plaintiff (Doc. #11).  Again in April 2006, Defendant filed a status report indicating that Plaintiff had been released from incarceration but had not provided a forwarding address and Defendant had still not heard from Plaintiff or been presented with a settlement demand (Doc. #15).

Defendant then filed a Motion for Dismissal and Motion for Summary Judgment (Doc. #16).  Defendant requested dismissal of Plaintiff's action under Local Rule of Civil Procedure 83.3 and Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with the rules of procedure (id. at 2).  Alternatively, Defendant moved for summary judgment on the grounds that he did not violate Plaintiff's constitutional rights and he is entitled to qualified immunity (id. at 7-10).

The Court issued an Order informing Plaintiff of his obligation to respond to Defendant's motion (Doc. #18).[2]  This Order was returned in the mail and to date, Plaintiff has not responded.  Defendant's motion is now ready for ruling.

**II.    Motion for Dismissal**

By Orders dated March 20, 2006 and May 17, 2006, the Court warned Plaintiff that he must file a Notice of Change of Address if his address changes and that failure to comply may result in the dismissal of this matter (Doc. ##2, 3).  Local Rule of Civil Procedure 83.3(d) further requires Plaintiff to file a notice of change of address 10 days before the move

---

[2]Notice required under <u>Rand v. Rowland</u>, 154 F.3d 952, 962 (9th Cir. 1998).

1  is effective.  Also, Plaintiff was informed in the instructions accompanying the form

2  complaint that he must immediately inform the Clerk of Court of a change of address or face

3  possible dismissal.  Beginning with the Scheduling Order in October 2006, every Order or

4  notice sent to Plaintiff has been returned to the Court as "undeliverable" (Doc. ##8-10, 12-

5  13, 19-20, 22).  Plaintiff has not notified the Court of his current address.

6  Plaintiff has the general duty to prosecute this case.  <u>Fidelity Philadelphia Trust Co.</u>

7  <u>v. Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the

8  duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her

9  current address, and to comply with the Court's orders in a timely fashion.  The Court does

10  not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears

11  the burden of keeping the court apprised of any changes in his mailing address."  <u>Carey v.</u>

12  <u>King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).  If the Court were to order Plaintiff

13  to show cause why dismissal was not warranted, the Order "would only find itself taking a

14  round trip through the United States mail."  <u>Id.</u>

15  Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to

16  prosecute or to comply with these rules or any order of court, a defendant may move for

17  dismissal of an action."  <u>See also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

18  In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

19  without notice or hearing.  <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 633 (1962).

20  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

21  the Court must weigh the following five factors: "(1) the public's interest in expeditious

22  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

23  the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

24  availability of less drastic sanctions."  <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v.</u>

25  <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the

26  imposition of sanctions in most cases, while the fourth factor cuts against a default or

27  dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."

28  <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th Cir. 1990).

1    Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
2    to keep the Court informed of his address prevents the case from proceeding in the
3    foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor
4    requires the Court to consider whether a less drastic alternative is available.  Without
5    Plaintiff's current address, however, certain alternatives are bound to be futile.

6    The Court finds that only one less drastic sanction is realistically available.  Rule
7    41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
8    merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,
9    the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint
10   and this action will therefore be dismissed without prejudice pursuant to Rule 41(b).

11   **III.    Motion for Summary Judgment**

12   In light of the decision to dismiss this action for failure to prosecute, the Court need
13   not address the arguments for summary judgment.

14   **IT IS ORDERED:**

15   (1) Defendant's Motion for Dismissal and Motion for Summary Judgment (Doc. #16)
16   is **granted** in part and **denied** in part as follows:

17   (a) the motion is **granted** as to dismissal of the action pursuant to Federal Rule
18   of Civil Procedure 41(b).    The Complaint and this action are **dismissed**
19   without prejudice.

20   (b) the motion is **denied** as moot with regard to Defendant's request for
21   summary judgment.

22   (2) The Clerk of Court is directed to enter judgment accordingly.

23   DATED this 14th day of September, 2007.

24

25

26                                              Stephen M. McNamee
27                                              United States District Judge

28